GARMAN TURNER GORDON LLP
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
TERESA M. PILATOWICZ, ESQ.
Nevada Bar No. 9605
E-mail: tpilatowicz@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
E-mail: mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
*Attorneys for Pigeonly, Inc. dba Fotopigeon*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>PIGEONLY INC. dba FOTOPIGEON,<br><br>Debtor. | CASE No. 24-10355-nmc<br><br>Chapter 11 |
| ITRIA VENTURES LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>FREDERICK JAMEL HUTSON, an individual; ALFONZO BROOKS, an individual; DOES 1 through 10, inclusive; and ROE CORPORATIONS 1 through 10, inclusive,<br><br>Defendants. | Adversary No. 24-01122-nmc<br><br>**PIGEONLY'S MOTION TO CONSOLIDATE ADVERSARY PROCEEDINGS**<br><br>Hearing Date: January 9, 2025<br>Hearing Time: 9:30 a.m. |

Pigeonly Inc. dba Fotopigeon ("Pigeonly"") hereby submits *Pigeonly's Motion to Consolidate Adversary Proceedings* (the "Motion") seeking to consolidate the following adversary proceedings as they generally involve the same parties and same underlying facts: (i) Adversary No. 24-01118-NMC (the "Fraudulent Transfer Adversary"), commenced by Pigeonly against Itria

Ventures LLC ("Itria"); and (ii) the above-captioned, removed Adv. Proc. No. 24-01122-NMC, commenced by Itria against Pigeonly's principals, Frederick Hutson and Alfonzo Brooks (the "Removed Adversary").[1]  This Motion[2] is made and based upon the following Memorandum of Points and Authorities; the papers, pleadings, and other documents on file herein, judicial notice of which is respectfully requested pursuant to FED. R. EVID. 201(b) and (c) and 1101(a) and (b); and any argument of counsel entertained by the Court at the time of the hearing of this Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**
**INTRODUCTORY STATEMENT**

The Fraudulent Transfer Adversary was initiated by Pigeonly prior to the confirmation hearing on its Chapter 11 Plan and seeks to recover fraudulent transfers made by Pigeonly to Itria under Section 548 of the Bankruptcy Code.  Pigeonly also challenges the underlying transaction and loan agreement between the parties, including the validity, extent, and enforceability of any debt Itria may allege it is owed.  Thus, whether and to what extent Itria could collect on any alleged debt against Pigeonly's principals, as guarantors of the loan between Itria and Pigeonly, is necessarily impacted by the resolution of the Fraudulent Transfer Adversary.  As such, the Removed Adversary, Adv. Proc. No. 24-01122-NMC, which seeks to collect against Pigeonly's principals as guarantors, should be consolidated with the Fraudulent Transfer Adversary, so that all issues concerning the fraudulent transfers, and the underlying transaction and loan agreement (and any debt flowing from it) are adjudicated together, in a consolidated fashion.

. . .

. . .

---

[1] As discussed below, the Removed Adversary was initially filed in Nevada State Court as *Itria Ventures LLC v. Frederick Jamel Hutson and Alfonzo Brooks*, Case No. A-24-901292-C.

[2] All references to "Section" herein shall be to the Bankruptcy Code appearing in Title 11 of the U.S. Code; all references to "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; all references to "Civil Rule" shall refer to the Federal Rules of Civil Procedure; and all references to a "Local Rule" shall refer to the Local Rules of Bankruptcy Practice of the U.S. Bankruptcy Court for the District of Nevada.

## II.
## STATEMENT OF FACTS

1.  On January 26, 2024 (the "Petition Date"), Pigeonly filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the above captioned bankruptcy case (the "Chapter 11 Case"). *See* Bankruptcy ECF No. 1.

2.  On April 25, 2024, Pigeonly filed *Pigeonly, Inc.'s Chapter 11 Plan of Reorganization, Dated April 25, 2024* [Bankruptcy ECF No. 71], which was supplemented by the Plan Supplement filed on August 6, 2024 [Bankruptcy ECF No. 95].

3.  On September 25, 2024, Pigeonly, a Chapter 11 debtor, filed a complaint against Itria alleging that the Receivables Sale Agreement ("RSA") between Itria and Pigeonly was actually a disguised loan fraudulently obtained and void under applicable law. *See* Bankruptcy ECF No. 114; *see also* Adv. Proc. No. 24-01118-NMC (Fraudulent Transfer Adversary) ECF No. 1.

4.  On October 8, 2024, the Court entered its *Order Confirming Pigeonly, Inc.'s Chapter 11 Plan of Reorganization, Dated April 25, 2024* [Bankruptcy ECF No. 121] as well as the *Findings of Fact and Conclusions of Law in Support of the Order Confirming Pigeonly, Inc.'s Chapter 11 Plan of Reorganization, Dated April 25, 2024* [Bankruptcy ECF No. 120] (together, "Confirmation Order").

5.  Pursuant to the terms of the confirmed Plan, all claims vested in the reorganized Pigeonly.

6.  On October 30, 2024, the *Notice of Effective Date of Pigeonly, Inc's Plan of Reorganization* [Bankruptcy ECF No. 148] was filed, identifying the Effective Date of Pigeonly's confirmed Plan as October 29, 2024.

7.  On October 3, 2024, Pigeonly removed the civil action filed by Itria against Messrs. Hutson and Brooks seeking to enforce the guaranty of the RSA that Pigeonly contends is void, from the Eighth Judicial District Court, Clark County, Nevada ("Nevada State Court") (where it was then pending) to this Court, thereby commencing the Removed Adversary. *See* Bankruptcy ECF No. 117. *See also* Adv. Proc. No. 24-01122-NMC (the Removed Adversary) ECF No. 1.

8. Itria has since sought remand of the Removed Adversary back to Nevada State Court and requested a stay (and to compel arbitration) of the Fraudulent Transfer Adversary. *See* Fraudulent Transfer Adversary docket; *see* Removed Adversary docket. Pigeonly contends that both motions should be denied and, if denied, the adversary proceedings should be consolidated.

9. There is no question that Pigeonly's fraudulent transfer claims under the Bankruptcy Code are core claims. It is also indisputable that Itria's claims to enforce the loan documents Pigeonly contends are void and unenforceable as a matter of law are inextricably intertwined. For these reasons, the Fraudulent Transfer Adversary and the Removed Adversary should be consolidated before this Court.

## III.
## ANALYSIS

**A.   The Fraudulent Transfer Adversary and the Removed Adversary Must Be Consolidated.**

"Civil Rule 42(a), which is made applicable to bankruptcy proceedings by Rule 7042, allows the court to consolidate various actions pending before it which 'involve[] a common question of law or fact. . . .'" *In re de la Salle*, 461 B.R. 593, 603 (B.A.P. 9th Cir. 2011). Civil Rule 42, made applicable in adversary proceedings by operation of Bankruptcy Rule 7042, provides in pertinent part:

> (a) **Consolidation.** If actions before the court involve a common question of law or fact, the court may:
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

*See* Civil Rule 42(a).

"Consolidation is within the broad discretion of the bankruptcy court and trial courts may consolidate cases sua sponte." *In re de la Salle*, 461 B.R. at 603 (citation omitted). In *de la Salle* the bankruptcy court had consolidated a claim objection with the debtors' adversary proceeding because they "raised essentially the same issues[.]" 461 B.R. at 599. On review, the B.A.P. evaluated that the debtors' objection to the bank's claim, and the adversary proceeding, were in the same procedural posture, had common issues of law and fact, and the parties were the same.

461 B.R. at 603. Consolidation "is designed to promote not only judicial economy, [citation], but also the expeditious and efficient conduct of litigation for all concerned." 461 B.R. at 603 (citation omitted). The B.A.P. found consolidation proper. *Id. See also In re Corey*, 892 F.2d 829, 836 (9th Cir. 1989) (finding the trial court's consolidation of different bankruptcy cases of the past and present owners of real property "was within the discretion of the court," and consolidation "was clearly in the interest of justice, as it helped bring the [owners' disputes] to a long-overdue close." (citations omitted)).

Here, the Fraudulent Transfer Adversary concerns fraudulent transfers under the Bankruptcy Code and other causes of action relating to the enforceability of the lending transaction and RSA involving Itria. *See generally* Fraudulent Transfer Adversary ECF No. 1. The claims asserted in the Fraudulent Transfer Adversary against Itria involve an alleged Receivables Sale Agreement (the RSA) by and between Pigeonly and Itria that is, in actuality, a disguised loan, which Pigeonly submits was fraudulently obtained and which transaction is void under applicable law. Pigeonly has therefore asserted the following claims against Itria: (i) fraud; (ii) negligent misrepresentation; (iii) deceptive acts or practices in violation of New York General Business Law Section 349; (iv) breach of fiduciary duties; (v) fraudulent transfer under 11 U.S.C. § 548; (vi) fraudulent transfer under 11 U.S.C. § 544 and New York Voidable Transactions Act Section 273; (vii) recovery of funds under 11 U.S.C. §§ 550 and 551; and (viii) declaratory judgment determining that the transaction, RSA, and asserted liens in Pigeonly's receivables are void. *See* Fraudulent Transfer Adversary (Adv. Proc. No. 24-01118-NMC) ECF No. 1.

Hutson and Brooks guaranteed the payments under the disguised loan with Itria. The complaint in the Removed Adversary (which was filed by Itria originally in Nevada State Court and now pends before *this* Court) seeks enforcement of the guaranty **of the very same RSA that Pigeonly is seeking to adjudicate as void and for which Pigeonly is seeking recovery of all monies transferred to Itria as fraudulent transfers**. *See* Removed Adversary (Adv. Proc. No. 24-01122-NMC) ECF No. 1-1. *Compare id.*, *with* Fraudulent Transfer Adversary (Adv. Proc. No. 24-01118-NMC) ECF No. 1.

. . .

Garman Turner Gordon LLP
7251 Amigo St., Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

5

1    The exact same transaction (whereby Pigeonly's receivables were purportedly sold to Itria) forms the basis of both the Fraudulent Transfer Adversary and the Removed Adversary. Therefore, judicial economy is promoted by consolidating the Fraudulent Transfer Adversary and the Removed Adversary. Further, consolidating these adversary proceedings promotes the expeditious and efficient conduct of litigation, as it is necessary that they be consolidated and heard by this Court together to ensure there are not inconsistent rulings that jeopardize Pigeonly's claims against Itria. Last, the interests of justice are promoted by consolidating these two adversary proceedings.

By way of example, were Itria to prevail on its breach of guaranty agreement before Pigeonly obtained a determination that the RSA is void, Itria would certainly argue that this Court can no longer find the contract void and, accordingly, preclude Pigeonly from recovering on its fraudulent transfer claims. This is particularly important as Pigeonly anticipates that, although answers have not yet been filed in the Removed Adversary, *see* Removed Adversary (Adv. Proc. No. 24-01122-NMC) Docket, Messrs. Hutson and Brooks may assert counterclaims that mirror many of the claims Pigeonly has asserted in Fraudulent Transfer Adversary, including the declaratory relief claim. *See, e.g.*, Removed Adversary ECF No. 1 at ¶ 7.

Because of the significant overlap between the Fraudulent Transfer Adversary and the Removed Adversary, consolidating the two adversary proceedings promotes judicial economy, provides for the expeditious and expedient means of conducting these adversary proceedings, and is in the interests of justice.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

## IV.
## CONCLUSION

Based upon the foregoing, Pigeonly respectfully requests that the Court grant this Motion and enter an order consolidating the Fraudulent Transfer Adversary, Adv. Proc. No. 24-01118-NMC, with the Removed Adversary, Adv. Proc. No. 24-01122-NMC; enter an order making Adv. Proc. No. 24-01118-NMC the lead consolidated adversary case; and grant such other and further relief as is just and proper.

Dated this 2nd day of December, 2024.

GARMAN TURNER GORDON LLP

By: */s/ Mary Langsner*
    TALITHA GRAY KOZLOWSKI, ESQ.
    TERESA M. PILATOWICZ, ESQ.
    MARY LANGSNER, Ph.D.
    7251 Amigo Street, Suite 210
    Las Vegas, Nevada 89119
    *Attorneys for Pigeonly Inc. dba Fotopigeon*